UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 0:14-137-EBA

REBECCA RUTH HALL,                                                      PLAINTIFF,

V.                                  **MEMORANDUM OPINION
                                          AND ORDER**

CAROLYN W. COLVIN,
*Commissioner of Social Security*,                                      DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \*

     Plaintiff, Rebecca Ruth Hall, brought this action under 42 U.S.C. § 405(g) to obtain judicial

review of the Commissioner's decision to deny her application for disability insurance benefits. [R.

17-1 at 1].  Upon consent of the parties, this matter has been referred to the undersigned to conduct

all proceedings and order the entry of final judgment in accordance with 28 U.S.C. § 636(c) and Fed.

R. Civ. P. 73. [R. 10].  For the reasons set forth herein, Plaintiff's Motion for Summary Judgment

[R. 17] shall be denied, Defendant's Motion for Summary Judgment [R. 18] shall be granted, and

Judgment shall be entered affirming the final decision of the Commissioner.

## I.  FACTUAL BACKGROUND & PROCEDURAL HISTORY

     Plaintiff was thirty-six years old at the time she allegedly became disabled on June 15, 2011

and thirty-eight years old at the time of the Commissioner's May 20, 2013 final decision. [Tr. at

159].  She has a high-school education [Tr. at 182] and has worked as a cook and a housekeeper. [Tr.

at 183].  In her Disability Report, Form SSA-3368, Plaintiff claimed her work ability was limited

due to back issues and depression. [Tr. at 182].  Thus, Plaintiff filed for disability insurance benefits

on July 29, 2011. [Tr. at 75]. The Social Security Administration denied her claims initially [Tr. at 101] and upon reconsideration [Tr. at 106]. After denial of her claims, she requested a hearing before an administrative law judge ("ALJ"). [Tr. at 109]. Subsequently, she testified at a hearing held on May 1, 2013 before ALJ Maria Hodges. [Tr. at 38-46]. At the hearing, Plaintiff was represented by counsel, William G. Arnett. [Tr. at 38]. During the hearing, the ALJ also heard testimony from Dwight McMillion, a vocational expert. [Tr. at 38].

The ALJ ruled against Plaintiff in a written decision dated May 20, 2013. [Tr. at 38-46]. In her decision, the ALJ found that Plaintiff suffered from the severe impairment of "degenerative disc disease (20 C.F.R. 404.1520(c))." [Tr. at 40]. Despite this condition, the ALJ determined that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526)." [Tr. at 42]. Continuing with her evaluation, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, and she set forth some specific limitations in her opinion. [Tr. at 42]. Further, the ALJ noted that Plaintiff was unable to perform past relevant work. [Tr. at 44]. However, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." [Tr. at 45]. Based on these findings, the ALJ concluded that Plaintiff was not under a "disability" as defined by the Social Security Act. [Tr. at 46]. Following the adverse decision of the ALJ, Plaintiff properly exhausted her administrative remedies by appealing to the Social Security Appeals Council, which denied her request for review. [Tr. at 1-6].

On September 8, 2014, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision. [R. 1]. In her Motion for Summary Judgment [R. 17], Plaintiff sets forth

2

multiple arguments for reversal of the ALJ's opinion.  Defendant responds that the ALJ's opinion should be affirmed, as it is supported by substantial evidence. [R. 18].  The case is now ripe for review.

## II . STANDARD OF REVIEW

A reviewing court must uphold the findings of the ALJ if they are supported by substantial evidence.  42 U.S.C. § 405(g)(2006); see also Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981). The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (internal citations and quotation marks omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993).

The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ.  Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth v. Comm'r Soc. Sec. Admin., 402 F.3d 591, 595 (6th Cir. 2005) (internal citations and quotation marks omitted). Sixth Circuit precedent suggests that a finding of "no substantial evidence" would be appropriate in situations where the ALJ ignores uncontested, compelling evidence for one side, makes no express findings on witness credibility and makes a ruling based on facts with "little if any evidentiary value." Noe v. Weinberger, 512 F.2d 588 (6th Cir. 1975); see also Glass v. Sec'y of Health, Educ. & Welfare, 517 F.2d 224 (6th Cir. 1975).  Otherwise, if there is substantial evidence to support the ALJ's

decision, "it must be affirmed even if the reviewing court would decide the matter differently." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994).

## III. ANALYSIS

The Commissioner's regulations provide a sequential, five-step process for the evaluation of disabilities. See 20 C.F.R. § 404.1520(a). First, the Commissioner determines whether the claimant is currently engaging in substantial gainful activity; if so, she is not disabled. Id. § 404.1520(a)(4)(i). Second, if claimant is not engaged in substantial gainful activity, the Commissioner must determine whether she has a severe impairment; if not, she is not disabled. Id. § 404.1520(a)(4)(ii). Third, if claimant has a severe impairment, the Commissioner must compare it to those in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1; if the severe impairment meets or equals a listed impairment, claimant is presumed disabled. Id. § 404.1520(a)(4)(iii). Fourth, if claimant's impairment does not meet or equal a listed impairment, the Commissioner must determine whether claimant's impairment prevents her from doing past relevant work; if not, she is not disabled. Id. § 404.1520(a)(4)(iv). Fifth, if claimant's impairment prevents her from doing past relevant work, the Commissioner must determine whether other work exists in the national economy that accommodates her RFC and vocational factors (age, education, skills, etc.); if so, she is not disabled. Id. § 404.1520(a)(4)(v).

At step one of this process, there is no dispute between the parties that Plaintiff has not participated in "substantial gainful activity" since June 15, 2011, her stated disability onset date. However, Plaintiff alleges three different errors by the ALJ, each of which pertain to different steps in the Commissioner's inquiry. Specifically, Plaintiff asserts that:

1.      The ALJ erred by finding that Plaintiff's mental impairments were not severe.

4

2.      The ALJ erred by not weighing Plaintiff's alleged mental impairments more heavily in her determination of Plaintiff's RFC.

3.      The ALJ erred by not properly weighing medical opinions.

Each issue raised by Plaintiff will be considered, in turn, below.

### A.  Severity of Impairments

In step two of the five-step evaluation process, the ALJ determined that Plaintiff suffered from one severe impairment: "degenerative disc disease." [Tr. at 40].  Now, Plaintiff asserts that the ALJ erred by not also finding that Plaintiff's mental problems constituted a severe impairment. [R. 17-1 at 9-11].

Under the regulations, upon determining that a claimant has one severe impairment at step two, the ALJ must continue with the remaining steps in his disability evaluation as outlined above. Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240, 244 (6th Cir. 1987).  Further, once any single impairment is found to be severe, the ALJ must consider both severe and non-severe impairments in the subsequent steps.  McGlothin v. Comm'r of Soc. Sec., 299 F. App'x 516, 522 (6th Cir. 2008)  (citing Anthony v. Astrue, 266 F. App'x 451, 457 (6th Cir. 2008)).  In the present case, the ALJ found that Plaintiff did, in fact, suffer from one severe impairment. [Tr. at 40].  The ALJ also proceeded, as required, to complete steps three through five of the analysis.  Since the ALJ could properly consider Plaintiff's non-severe impairments in the remaining steps of his analysis, "it then became 'legally irrelevant' that her other impairments were determined to be not severe." McGlothin, 299 F. App'x at 522 (citations omitted); see also Maziarz, 837 F.2d at 244.  Thus, regardless of whether Plaintiff's non-severe impairments could have, in fact, been classified as severe, the ALJ did not err by not designating them as severe.

B.  Consideration of Plaintiff's Mental Impairments

Next, Plaintiff claims that the ALJ should have given greater weight to Plaintiff's mental problems in the ALJ's determination of Plaintiff's RFC.  Further, Plaintiff asserts that the ALJ's erroneous evaluation of Plaintiff's mental problems led the ALJ to err by inaccurately describing Plaintiff to the vocational expert. [R. 17-1 at 9-11].  The implication of Plaintiff's argument is that her mental impairments should have led the ALJ to include mental limitations in her RFC.  Instead, the ALJ found that Plaintiff's "depression does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities." [Tr. at 41].

According to Plaintiff, the ALJ's evaluation of Plaintiff's mental limitations was errant because the ALJ relied on the opinion of a state-agency examiner, Dr. Lima, while not citing specific portions of Plaintiff's medical records. [R. 17-1 at 9-11].  In particular, Plaintiff asserts that the ALJ ignored the medical records of Drs. Odukoya, Burck, Sargent, and Shields—each of whom noted Plaintiff's complaints of depression. [R. 17-1 at 9].

However, "[a]lthough required to develop the record fully and fairly, an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered."  Simons v. Barnhart, 114 F. App'x 727, 733 (6th Cir. 2004) (internal quotation marks omitted) (quoting Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000)).  The more fundamental inquiry, rather than whether the ALJ expressly addressed every single medical document in the record, is whether, considering the record as a whole, the ALJ's decision was based on substantial evidence.  Id. (citing Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001)).

Although the ALJ may not have specifically referenced the records of Drs. Odukoya, Burck,

Sargent, and Shields, it is apparent from the record that the ALJ considered the substance of their findings. In fact, the list of exhibits associated with the ALJ's decision includes all of the medical source opinions referenced by Plaintiff. [See Tr. at 47-51].

Moreover, Plaintiff has not shown that the ALJ erred by relying on the opinion of Dr. Lima. Dr. Lima assessed that Plaintiff was able to concentrate well, likely able to complete tasks in a normal amount of time, is socially appropriate, and has no difficulty understanding simple instructions. [Tr. at 357-360]. Dr. Lima's opinion is supported by his own evaluation as well as the supporting opinions of state-agency psychologists Drs. Cutler and Clark, who each independently opined that Plaintiff had no more than mild limitations in her activities of daily living, maintaining social functioning, and maintaining concentration, persistence of pace. [See Tr. at 79-81, 93-95]. Further, "[s]tate agency medical and psychological consultants . . . are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(e)(2)(I). As such, the ALJ was entitled to rely on Dr. Lima's opinion. See 20 C.F.R. § 404.1527(c)(3)-(6) (explaining that ALJ may assign weight to opinions that are "not inconsistent with the other substantial evidence in [the] case record").

Reviewing the record as a whole, the Court finds that the ALJ's evaluation of Plaintiff's alleged mental impairments was supported by substantial evidence. Plaintiff's argument that the Court could have weighed certain medical records differently to support a finding of disability is, therefore, unavailing. See Kyle v. Comm'r of Soc. Sec., 609 F.3d 847, 854-55 (6th Cir. 2010) ("Even if this Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence."). Because the ALJ validly determined that Plaintiff's mental impairments caused only "minimal limitation," she was not

required to include them in her questions to the vocational expert.

C.  Additional Medical Opinions

Plaintiff argues that the ALJ failed to accord sufficient weight to the opinions of Plaintiff's treating physician, and accorded too much weight to the opinion of a non-examining, state-agency physician. [R. 17-1 at 11-15].  As discussed below, Plaintiff's arguments regarding the ALJ's consideration of the medical opinions at issue do not withstand scrutiny.

*1.  Dr. Bansal's Opinion*

Plaintiff contends that the ALJ erred in rejecting the opinion of Dr. Bansal because he was a neurological specialist and a treating physician.  Bansal opined that Plaintiff could stand/walk less than two hours in an eight-hour day; sit less than two hours in an eight-hour day; occasionally lift ten pounds and could not frequently lift any amount of weight; occasionally bend, stoop, balance, climb stairs; and never climb ladders. [Tr. at 389].

An ALJ must, generally, give more weight to the "opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(c)(5).  Additionally, an ALJ must give the opinion of a treating source controlling weight if he finds the opinion "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. § 404.1527(d)(2).

However, an ALJ need not afford controlling weight to a treating specialist's opinion when "good reasons" exist for discounting the opinion.  See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004).  The obligation to provide "good reasons" requires the ALJ to support, with evidence, his finding that the medical opinion is not well-supported or is inconsistent with the case

8

record. Id. at 544-46. Moreover, once an ALJ provides a "good reason" for not affording controlling weight to a treating source, the ALJ must then explain the weight that should be given to the treating source's opinion in light of certain factors outlined in 20 C.F.R. § 404.1527(d)(2), "namely the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." Id.

In reviewing Bansal's opinion, it is apparent that the ALJ provided "good reasons" and adequately explained his decision to afford lesser weight to Bansal's opinion through the § 404.1527(d)(2) factors of lack of supportability and inconsistency with the record. To begin with, the ALJ noted that Bansal's opinion lacked supportability within his own internal treatment findings, which reflected relatively normal examinations. [Tr. at 44]. In contrast to his opinion, Bansal's examination notes reflected normal or unremarkable mental status, muscle tone, strength, reflexes, coordination, gait, station, and tandem walk. [Tr. at 370-74, 542-45].

Additionally, the ALJ explained that Bansal's opinion was inconsistent with the record in that "[o]ther examinations of record also revealed normal ranges of motion in the claimant's extremities, instances of negative straight leg raise testing, and other occasions where the claimant was noted to be 'standing throughout' the entire examination." [Tr. at 44]. Even more, the ALJ determined that Bansal's opinion was inconsistent with Plaintiff's "own reported daily activities such as light cooking, small loads of laundry, driving, loading the dishwasher, and going shopping for three hours at a time." [Tr. at 44]. In sum, the Court finds no error in the ALJ's evaluation of Bansal's opinion.

### 2. Dr. Anzures's Opinion

Plaintiff also asserts that the ALJ erred by relying on the opinion of a non-examining, state-

agency physician, Dr. Anzures. [R. 17-1 at 14-15].  Anzures opined that Plaintiff could perform work requiring light exertion with some additional postural limitations. [Tr. at 96-98].

However, the ALJ performed a full review of the entirety of the medical evidence and determined that Anzures's opinion was substantiated by the medical evidence of record. [Tr. at 44]. In fact, two state-agency psychologists, Drs. Cutler and Clark, independently opined that Plaintiff had established no more than mild limitations in her activities of daily living. [Tr. at 80-81, 93-95]. As previously noted, "[s]tate agency medical and psychological consultants . . . are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation."  20 C.F.R. § 404.1527(e)(2)(I).  Thus, the ALJ was entitled to rely on the opinions of Drs. Anzures, Cutler, and Clark.  See 20 C.F.R. § 404.1527(c)(3)-(6) (explaining that ALJ may assign weight to opinions that are "not inconsistent with the other substantial evidence in [the] case record"). Accordingly, the Court finds no error in the ALJ's weighing of the medical opinion evidence.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's Motion for Summary Judgment [R. 17] be DENIED, Defendant Commissioner's Motion for Summary Judgment [R. 18] be GRANTED, and that Judgment be entered affirming the final decision of the Commissioner.

Signed May 15, 2015.



**Signed By:**

_**Edward B. Atkins**_  *EBA*

**United States Magistrate Judge**

10